**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-25-01707-001-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Francisco Javier Garcia-Gomez, | |
| Defendant. | |

The government has moved, pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, to dismiss the indictment without prejudice. (Doc. 14.) Defendant contends the dismissal should be with prejudice. (Doc. 17.) For the reasons that follow, the government's motion is granted and the indictment is dismissed without prejudice.

**RELEVANT BACKGROUND**

On December 3, 2025, ICE officers came into contact with Defendant. (Doc. 1 at 4.) According to the complaint, Defendant admitted that he was not a citizen of the United States and that he had entered the United States without permission. (*Id.* at 4-5.) The complaint further alleges that Defendant attempted to flee and that when the ICE agents caught him and performed a search incident to arrest, they found a loaded firearm in his waistband. (*Id.* at 5.) As a result, Defendant was charged with being an unlawful alien in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(5)(a) and 924(a)(8). (*Id.* at 6.)

On December 10, 2025, Defendant had a detention hearing. (Doc. 5.) Over the government's objection, the magistrate judge ordered Defendant released on his own

1 recognizance. (Doc. 6.) Defendant was then immediately "taken into Immigration[] and Customs Enforcement custody." (Doc. 14 at 1. *See also* Doc. 17 at 2 ["Instead of releasing Mr. Garcia-Gomez [following the detention hearing], federal government officials detained him and transported him to the Eloy Detention Center where he was held in ICE custody."].)

On December 23, 2025, the grand jury returned an count indictment charging Defendant with the same offense asserted in the complaint. (Doc. 8.)

On December 29, 2025, an immigration judge ordered that Defendant be removed from the United States. (Doc. 14 at 1-2.)

On December 31, 2025, the arraignment was scheduled to take place. (Doc. 12.) The arraignment did not occur because, according to the minute entry, "Defendant not present due to being held in ICE custody." (*Id.*) Over defense counsel's objection, the arraignment was continued to January 7, 2025. (*Id.*)

On January 7, 2026, the rescheduled arraignment again did not take place because, according to the minute entry, "Defendant not present due to being held in ICE custody." (Doc. 13.)

On or about January 13, 2026, Defendant was removed from the United States. (Doc. 18 at 1 n.1.)

On January 14, 2026, the government moved to dismiss the indictment without prejudice. (Doc. 14.)

On January 23, 2026, Defendant filed a response. (Doc. 17.)

On January 30, 2026, the government filed a reply. (Doc. 18.)

**DISCUSSION**

The government contends the dismissal should be without prejudice because "[t]here has been no showing or allegation of bad faith, nor other constitutional violations." (Doc. 18 at 1-2.) Defendant argues the dismissal should be with prejudice because he "spent nearly two months in federal custody awaiting his day in court" and "that day never came because ICE detained him, failed to transport him to court, and then deported him.

The government has had ample opportunity to prosecute Mr. Garcia-Gomez for the instant offense. It should not be given another opportunity." (Doc. 17 at 2.) Defendant further contends that "[w]hen an Article III court has ordered a defendant released, the retention of a defendant in ICE custody contravenes a determination made pursuant to the Bail Reform Act." (*Id.* at 2-3, citation omitted.)

In *United States v. Arevalo-Garcia*, 2022 WL 2356763 (D. Ariz. 2022), the Court addressed a similar issue. There, the arraignment of a defendant who had been indicted on one count of illegal reentry after deportation did not occur because he had been "inadvertently transferred from the [U.S. Marshal's] custody to that of U.S. Immigration and Customs Enforcement (ICE), who removed him to his home country of Mexico while his criminal case remained pending." *Id.* at *1 (citation omitted). Afterward, the government moved to dismiss the indictment without prejudice and the defendant argued the dismissal should be with prejudice, with both sides making arguments similar to the arguments here. *Id.* The Court concluded a without-prejudice dismissal was warranted because "the government did not act in bad faith or engage in outrageous conduct—Defendant's removal to Mexico appears to have been the product of an administrative oversight and Defendant does not argue (and could not credibly argue) that the government is somehow gaining a tactical advantage in its pursuit of a § 1326 charge against him by dismissing without prejudice at this juncture. For these reasons, the dismissal request is not prompted by considerations clearly contrary to the public interest and there is no reason to believe Defendant will be subjected to prosecutorial harassment. To the contrary, Defendant has received what is [i]n essence a windfall—he is escaping, at least for now, prosecution on charges the grand jury has already found to be supported by probable cause." *Id.* at *1-2. Here, too, the government has not gained any tactical advantage as a result of Defendant's removal to Mexico and Defendant is effectively receiving a windfall, by escaping (at least for now) prosecution on a serious charge the grand jury has already found is supported by probable cause.

One difference between the cases, of course, is that the defendant in *Arevalo-Garcia*

was accidentally removed to Mexico even though he was supposed to remain in criminal custody, whereas Defendant was intentionally placed in immigration custody (and then intentionally removed to Mexico) after a magistrate judge ordered him released from criminal custody. Defendant argues that he should not have been placed in immigration custody at all under these circumstances—as noted, he contends that "[w]hen an Article III court has ordered a defendant released, the retention of a defendant in ICE custody contravenes a determination made pursuant to the Bail Reform Act"—and seems to identify his placement in immigration custody as proof of the sort of bad faith that would justify overriding the government's presumptive right to a without-prejudice dismissal under Rule 48(a). *United States v. Hayden*, 860 F.2d 1483, 1488 (9th Cir. 1988) ("Rule 48(a) allows the government, provided it is not acting in bad faith, to dismiss an indictment without prejudice and later to reindict based on the same or similar charges. . . . [W]hen the government requests a Rule 48(a) dismissal in good faith, the district court is duty bound to honor the request."). The problem with this argument is that there was nothing impermissible about the federal government's decision to place Defendant in immigration custody after he was released from criminal custody. *See generally United States v. Sixto*, 2023 WL 7282360, *2 (D. Ariz. 2023) ("The Court . . . joins the unbroken line of courts, from both within and outside the Ninth Circuit, that have concluded that a criminal defendant who has been charged with a violation of 8 U.S.C. § 1326 but ordered released from custody for criminal purposes under the Bail Reform Act ('BRA') may still be detained for immigration purposes under the Immigration and Nationality Act ('INA')."); *United States v. Vasquez-Benitez*, 919 F.3d 546, 552 (D.C. Cir. 2019) ("Detention of a criminal defendant pending trial pursuant to the BRA and detention of a removable alien pursuant to the INA are separate functions that serve separate purposes and are performed by different authorities.").

Finally, "[i]f the government, by placing [a released criminal defendant] in immigration detention or removing him, jeopardizes the district court's ability to try him, then the district court may craft an appropriate remedy." *United States v. Santos-Flores*,

794 F.3d 1088, 1091 (9th Cir. 2015). But that is exactly what the Court is doing here. The remedy of a without-prejudice dismissal is "appropriate" under the circumstances because it provides a remedy to Defendant, without giving him a windfall, and is consistent with the principle—set forth in *Hayden*—that a without-prejudice dismissal request made by the government under Rule 48(a) should be granted when, as here, bad faith is lacking. *Cf. United States v. Perez-Canez*, 2020 WL 1000029, *1 (D. Ariz. 2020) (granting the defendant's motion to dismiss the indictment where the government "chose to deport him after he was released on pretrial supervision" but agreeing with the government that the dismissal should be without prejudice); *United States v. Escobar-Mariscal*, 2020 WL 4284406 (D. Ariz. 2020) (same).

Accordingly,

**IT IS ORDERED** that:

1. The government's motion to dismiss (Doc. 14) is **granted**.

2. The indictment (Doc. 8) is **dismissed without prejudice**.

3. All future hearings, including the rescheduled arraignment (Doc. 20), are **vacated** as moot.

Dated this 4th day of February, 2026.

Dominic W. Lanza
United States District Judge